IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID TERRENCE STEPHENS,

        **Plaintiff,**

v.                                                                  Case No.  4:17cv89-MW/CAS

WARDEN RICHARD JOHNSON,
etc.,

        **Defendant.**
_____/

## ORDER ACCEPTING
## REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 9, and has also reviewed *de novo* Plaintiff's objections to the report and recommendation, ECF No. 12.   Accordingly,

IT IS ORDERED:

The report and recommendation is **accepted and adopted**, over Plaintiff's objections, as this Court's opinion.    In his objections, Plaintiff attempts to restate his claim naming Warden Torrey Johnson of Liberty Correctional Institution as the defendant instead of Warden Richard Johnson of Jackson Correctional Institution so as to fall within the "imminent dangerous" exception.  In this case, Defendant sued his former warden of the facility at which he was previously incarcerated.  He is no longer housed at Jackson Correctional Institution and thus he has not alleged facts

1

demonstrating he is under imminent danger of serious physical injury from the named defendant and he cannot bring an entirely new claim against a different defendant as part of his objections in order to avoid dismissal.  If Plaintiff wishes to sue Warden Torrey Johnson then he can do so by filing a new lawsuit and paying the appropriate fee or alleging facts demonstrating he is under imminent danger of serious physical injury from Warden Torrey Johnson at his current facility.  In so ruling, this Court recognizes that Plaintiff discusses both wardens in his complaint, ECF No. 1, but he did not sue Warden Torrey Johnson.  The Clerk shall enter judgment stating, "This case is **DISMISSED** pursuant to 28 U.S.C. § 1915(g) as Plaintiff has more than "three strikes" under § 1915(g), and the instant complaint, ECF No. 1, does not demonstrate that Plaintiff is in imminent danger of serious physical injury.  All pending motions are **DENIED**—ECF Nos. 4, 5, 7, 8, 13, 14, and 16.  The Clerk shall note on the docket this case was dismissed pursuant to 28 U.S.C. § 1915(g)."  The Clerk shall close the file.

       **SO ORDERED on March 16, 2017.**

                            **s/Mark E. Walker**
                            **United States District Judge**